FILED
 2008 Dec-05  PM 05:24
 U.S. DISTRICT COURT
   N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY KENT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| **vs.** ) | **2:07-cv-01857-UWC** |
| ) | |
| **TOWN OF SNEAD,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION
## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this case, Plaintiff Timothy Kent claims that Defendant Town of Snead ("the Town") violated the Fair Labor Standards Act, 29 U.S.C. § 201-219, by failing to pay him accumulated compensable time when he resigned in 2005.

The Town has moved for summary judgment. (Doc. 9.) For the reasons set forth below, the Court finds that genuinely disputed facts preclude the granting of the motion.

### A. The Undisputed Facts[1]

1. Plaintiff was the full-time Chief of Police for the Town of Snead, Blount

---

[1] On a motion for summary judgment, the Court must view the facts in the light most favorable to the non-movant. *Davis v. DeKalb County School Dist.*, 233 F.3d 1367, 1371 (11th Cir. 2000).

County, Alabama, from 1996 through October 19, 2005.

2. During Plaintiff's tenure, the Town's Police Department employed between four or five full-time officers and three to five part-time officers, himself included.

3. Plaintiff supervised the other employees in the Police Department.

4. Plaintiff's weekly earnings exceeded $455.

5. The Town's Mayor discussed Plaintiff's pay status with him shortly after he became Police Chief. The Mayor told Plaintiff that as a salaried employee, he would be paid for eighty hours of work in each two-weeks' period, no matter how many additional hours he worked. Plaintiff replied that the salary classification was a "double-edged sword"; and, that if he completed his job in less than forty hours per week, as a salaried employee he would be entitled to his full salary without reduction. The Mayor then stated that if Plaintiff worked less than eighty hours, his pay would be deducted. Plaintiff understood the Mayor's position was that Plaintiff would remain an hourly employee.[2]

6. After Plaintiff's exchange with the Mayor, he continued to turn in an initialed time card each week. If he worked more than eighty hours in a two-week

---

[2] The evidence on this issue, like several material issues, is actually in dispute. But in such situations, where a factfinder must determine which version of the facts is to be credited, the party opposed to summary judgment is entitled to the benefit of all favorable inferences. Therefore, for summary judgment purposes only, Plaintiff's version of facts is considered to be undisputed.

period, the additional hours were typically recorded as compensable time. *i.e.,* hours worked in excess of the eighty required hours, for which he was not paid but could use, for example, to supplement any deficit in his required eighty hours.

7. Throughout his tenure with the Town, Plaintiff was credited or debited not only with vacation time, but also with holiday time, sick time, and compensable time.

8. If Plaintiff worked less than eighty hours in a two-week period, he would use sufficient hours from his accumulated compensable, sick, and vacation time to reach a total of eighty hours.[3]

9. As of the date of his resignation, Plaintiff had an accrued balance of 485.25 hours of compensable time. As of that date, his pay rate computed on an hourly basis was $15.64.

### B. The Applicable Legal Standards

#### 1. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[3]On one occasion where Plaintiff's time card indicated that he had worked only fifty-six (56) hours during the pay period, the Town's Mayor initially indicated that Plaintiff would not be permitted use twenty-four (24) hours of his accumulated compensable time to bring his total hours to eighty (80). Apparently, the Mayor changed his mind and Plaintiff's salary was not reduced.

to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The court's role at the summary judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The non-moving party's evidence is believed and receives all justifiable inferences. *Id.* at 255.

### 2. The Substantive Law

As a general rule, employers are required to pay employees overtime, under the Fair Labor Standards Act, when employees work more than forty hours in a week. 29 U.S.C. § 207(a)(1). In lieu of overtime, employees of a political subdivision of a State may receive compensatory time off. 29 U.S.C. § 207(o)(1). These employees may not accrue more than 480 hours of compensatory time; and, compensatory time must be provided for through either an agreement between the political subdivision and representatives of such employees or an agreement or understanding arrived at between the employer and employee before the performance of the work. 29 U.S.C. § 207(o)(2)(3). If there is accrued compensatory time at the time of an employee's termination, the employee shall be paid for the unused compensatory time. 29 U.S.C. § 207(o)(4).

However, if an employee is employed in a "bona fide executive, administrative,

or professional capacity," the employer is exempt from paying overtime/compensatory time.  29 U.S.C. § 213(a)(1).  To qualify for this "white-collar" exemption, according to the Department of Labor's regulations, an employer must meet a two-pronged test: a) "salary basis ," and  b) "primary duties."  *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004); 29 C.F.R. § 541.1-3.

An employee is considered paid on a "salary basis" if he "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided in paragraph (b) of this section, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked."  29 C.F.R. § 541.602.

To meet the "primary duties" prong of the white collar exemption, the employer must establish that the executive or administrative work performed by the employee is his/her primary duty.

FLSA exemptions are narrowly construed.  The "employer has the burden of showing that it is entitled to the exemption." *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 965 (11th Cir. 1997).

### C. Analysis

Plaintiff does not deny that as Police Chief, his primary duties were executive/administrative. The issue, then, is whether the Town has established by undisputed facts that Plaintiff was paid on a salary basis.

Although the Town of Snead has come close to the mark, it has not crossed it at the point where no reasonable factfinder could conclude that Plaintiff was not paid on a salary basis. A genuine issue of material fact exists on the issue.

Viewing the evidence in a light most favorable to Plaintiff, a reasonable jury could find that if Plaintiff had not worked eighty hours in a two-week period, his pay would have been reduced. The Mayor said so to Plaintiff; and thereafter the parties conduct reflect that they understood that Plaintiff had to account for eighty hours of work.

In these circumstances, the Town of Snead's Motion for Summary Judgment must be denied. It will be done by separate order.

Done the 5th day of December, 2008.

_____
U.W. Clemon
United States District Judge